UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Rodney Franklin,

     Petitioner,

 vs.         REPORT AND RECOMMENDATION

Lynn Dingle,

     Respondent.  Civ. No. 07-3530 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus.  See, Title 28 U.S.C. §2254.

The Petitioner Rodney Franklin ("Franklin") appears pro se, and the Respondent Lynn Dingle appears by David C. Brown, Assistant Hennepin County Attorney.

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be denied.

## II.  Facts and Procedural Background

Franklin is a State prisoner, who is currently serving a 122-month sentence at the Minnesota Correctional Facility, in Rush City, Minnesota.  The sentence resulted from Franklin's conviction, by a Jury, on April 27, 2005, in Hennepin County District Court, on one Count of Assault in the First Degree, in violation of Minnesota Statutes Section 609.221, Subdivision 2(a), for shooting at a police officer.[1]

The facts which led to Franklin's conviction were summarized by the Minnesota Court of Appeals, in Fink's direct appeal, as follows:

> The evidence shows that [Franklin] was seated in the front-passenger seat of a vehicle fleeing police, and that he fired a 9mm weapon out the window at a pursuing officer.  Dena Harris testified that she was driving the van and that [Franklin] was shooting out the window from the front-passenger seat.  The pursuing officer testified and the squad-car videotape shows that the shots came from the passenger side of the van.  Further, Michael McClom testified that [Franklin] was seated in the front-passenger

_____

[1]Minnesota Statutes Section 609.221, Subdivision 2(a), provides as follows:

> Whoever assaults a peace officer or correctional employee by using or attempting to use deadly force against the officer or employee while the officer or employee is engaged in the performance of a duty imposed by law, policy, or rule may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $30,000, or both.

> seat and fired one warning shot into the air before rapidly
> firing numerous rounds at the pursuing officer.   This
> succession of gun shots is corroborated by the videotape.

State v. Franklin, 2006 WL 3771980 at *2 (Minn. App., December 26, 2006), rev.
denied (Minn., March 20, 2007).[2]

Franklin filed an appeal from his conviction with the Minnesota Court of Appeals,

which was based upon the following assertions:

> (1)   the district court committed plain error in failing to
> give an instruction on the need for corroboration of
> accomplice testimony;
>
> (2)   the district court had a duty to give the accomplice
> instruction because the only evidence that he was the
> occupant of the van came from potential
> accomplices; and
>
> (3)   the non-accomplice testimony was insufficient to
> support the conviction.

Id. at *1.

The Minnesota Court of Appeals first observed that, pursuant to State law, a Jury

"cannot convict the defendant based on accomplice testimony unless the testimony is

---

[2]The Record before us contains no testimony, or other evidence, which would
rebut, by clear and convincing evidence, the presumption of correctness in the State
Court's factual findings.  See Title 28 U.S.C. §2254(e)(1); Guinn v. Kemna, 489 F.3d
357, 359 (8th Cir. 2007); Lupien v. Clarke,  403 F.3d 615, 618 (8th Cir. 2005); Green
v. Norris, 394 F.3d 1027, 1029 (8th Cir. 2005).  Accordingly, for the purposes of this
Petition, we accept, as our factual Record, those facts which were set forth by the
Minnesota Court of Appeals in State v. Franklin, 2006 WL 3771980 at *2 (Minn.
App., December 26, 2006), rev. denied (Minn., March 20, 2007).

corroborated by other evidence * * * [.]" Id., citing, in part, Minnesota Statutes Section 634.04. Accordingly, "when a witness testifying against the defendant might reasonably be considered an accomplice to the crime," the Trial Court must give a cautionary Jury Instruction on the corroboration of accomplice testimony. Id., citing State v. Shoop, 441 N.W.2d 475, 479 (Minn. 1989).

However, because Franklin had failed to object to the Jury Instructions during his criminal Trial, the Minnesota Court of Appeals reviewed the Jury Instructions only for plain error. Id. It observed that either Dena Harris, or Michael McClom, "could potentially be liable as an accomplice, which would have been an issue for the jury; therefore, the district court erred in not giving the accomplice testimony jury instruction." Id. at *2. Nonetheless, the Court concluded that the error was harmless, because "[t]here was significant other evidence supporting the fact that [Franklin] was seated in the front-passenger seat, and that he fired a 9mm weapon at the pursuing officer." Id. Accordingly, the Court rejected Franklin's first three claims for relief.

In a pro se supplemental brief, Franklin raised several additional issues for the Court's consideration. Franklin asserted both that "his petit jury was selected from racially non-neutral selection procedures," id. at *2, and that "the complaint failed to

state the essential element of intent." Id. at *3.  The Minnesota Court of Appeals declined to consider those issues, because Franklin had failed to raise them before the District Court.  Id. at *2, *3.[3]

Last, Franklin asserted that "the use of a firearm under Minn. Stat. 609.11, subd. 5 (2004)(sentencing statute providing for mandatory minimum sentence if a firearm is used during the commission of a crime), should have been submitted to the jury as a separate offense." Id.  The Court rejected this claim as meritless, because Franklin was "sentenced solely on the first-degree assault conviction," for which the presumptive sentence was "substantially greater than the mandatory minimum under Minn. Stat. 609.11, subd. 5." Id.  Accordingly, after considering each of Franklin's claims, the Court affirmed his conviction and sentence, and the Minnesota Supreme Court denied Franklin's Petition for Review.

In his Federal Petition, which he filed on July 27, 2007, Franklin raises the following grounds for Habeas relief:  1) that the Petit Jury was selected in a way which was not racially neutral, in violation of his right to equal protection under the

---

[3]The Minnesota Court of Appeals also observed that Franklin had not made any showing, in his appeal, that "the charge was so vague on the matter of time as to make it impossible for the defendant to defend himself." State v. Franklin, supra at *3, quoting State v. Waukazo, 269 N.W.2d 373, 375 (Minn. 1978).

law ("Ground One"); 2) that the Jury did not determine all of the elements of a

separate and substantive offense, in violation of <u>In re Winship</u>, 397 U.S. 358 (1970)

("Ground Two"); 3) that the Complaint failed to charge an essential element of the

offense, in violation of his rights under the Fifth and Sixth Amendments ("Ground

Three"); and 4) that the Hennepin County District Court failed to provide an

accomplice-testimony Jury Instruction, in violation of his rights under the Sixth and

Fourteenth Amendments ("Ground Four").  See, <u>Petition</u>, <u>Docket No. 1</u>.  Franklin has

not filed any memorandum in support of his Petition.[4]

---

[4]In addition to the claims identified above, Ground Five of Franklin's Petition states, in its entirety, as follows:

> Ground Five:  Petitioners [sic] 6th and 14th Amendment rights were violated when and [sic] non-accomplice testimony was used to convict appellant.

> Supporting Facts:  The non accomplice testimony did not fit within the gambit of cooberation [sic] requirement as the testimony of the States [sic] witnesses may have been inclined to shift the responsibility for criminal conduct to Petitioner.

<u>Petition</u>, supra.

Accordingly, in Ground Four of his Petition, Franklin appears to argue that he should not have been convicted through the use of accomplice testimony, while in Ground Five of his Petition, Franklin argues that he should not have been convicted through the use of non-accomplice testimony.

The Respondent contends that Grounds One and Three of Franklin's Petition are procedurally barred. See, <u>Respondent's Memorandum in Opposition</u>, <u>Docket No. 11</u>, at 10. She opposes the remainder of Franklin's claims on the merits, and we address the parties' arguments in turn.

III.   <u>Discussion</u>

A.   <u>Standard of Review</u>.   "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." <u>Title 28 U.S.C. §2254(a)</u>.   "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). As a result, before a Writ may issue, the Petitioner must establish that the

_____

We acknowledge that "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers[.]'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).   However, even construing Franklin's Petition generously, we are unable to identify any cognizable claim within Ground Five, particularly in light of Franklin's failure to provide any explanatory memorandum. In the text of this Report, we address the substance of Ground Four of Franklin's Petition, with respect to accomplice testimony. However, finding no merit in Ground Five of the Petition, we recommend that Franklin's claim, with respect to non-accomplice testimony, be denied.

State's exercise of custody over his person is an affront to the Constitution, a Federal law, or a Federal treaty.  Id.; see also, Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005); Newton v. Kemna, 354 F.3d 776, 782 (8th Cir. 2004), cert. denied, 543 U.S. 979 (2004); Robinson v. Leapley, 26 F.3d 826, 829 (8th Cir. 1994).

In 1996, Congress restricted the scope of a Federal Court's review of Habeas Petitions, where the underlying claims were adjudicated in State Court.  See, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996)("AEDPA"); see also, Lockyer v. Andrade, 538 U.S. 63, 70 (2003) ("AEDPA circumscribes a federal habeas court's review of a state court decision."). A Federal Court's authority to vitiate State Court decisions, by the granting of a Writ of Habeas Corpus, is now limited to the narrow class of claims which have been fully exhausted in the State Courts, and which involve an adjudication that either:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

Title 28 U.S.C. §2254(d).

The Supreme Court has determined that the "contrary to," and "unreasonable application" clauses of Section 2254(d)(1), present two separate grounds on which a Federal Court may grant Habeas relief to claims adjudicated in the State Courts.  See, Williams v. Taylor, 529 U.S. 362 (2000).  The Court has explained, as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decide[d] a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifie[d] the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applie[d] that principle to the facts of the prisoner's case.

Id. at 412-13.

The Court further explained that a consideration of a State Court's decision, under the "unreasonable application" clause, requires a Federal Court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409; see also, Davis v. Norris, 423 F.3d 868, 874-75 (8th Cir. 2005); LaFrank v. Rowley, 340 F.3d 685, 689 (8th Cir. 2003), cert. denied, 541 U.S. 950 (2004).

Under this heightened standard of review, a Federal Court "may not issue the writ simply because that court concludes in its independent judgment that the relevant

- 9 -

state court decision applied clearly established federal law erroneously or incorrectly," but "[r]ather, that application must also be unreasonable." Id. at 411; see also, Davis v. Norris, supra at 875; Siers v. Weber, 259 F.3d 969, 972-73 (8th Cir. 2001)(examining the impact of Williams on Habeas proceedings), cert. denied, 534 U.S. 1138 (2002); Newman v. Hopkins, 247 F.3d 848, 850-51 (8th Cir. 2001), cert. denied, 536 U.S. 915 (2002); Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000), cert. denied, 532 U.S. 1024 (2001).

As a consequence, Williams affirmed the distinction, which had previously been drawn by several Circuit Courts, that the "contrary to" clause was to be used in cases addressing pure questions of law and mixed questions of law and fact, whereas the "unreasonable application" clause addressed factual determinations.  See, e.g., Evans v. Rogerson, 223 F.3d 869, 872 (8th Cir. 2000)(the "in custody" determination for Miranda purposes is a question of law subject to the first prong of Section 2254(d), when the relevant facts are undisputed).  Therefore, when a petitioner argues that the State Court improperly applied clearly established Supreme Court law to a particular set of facts, the Federal Courts may not grant a Writ absent a finding that such an application was unreasonable.

Additionally, Section 2254(e)(1) retains a presumption of correctness for all purely factual determinations rendered by a State Tribunal, which can, as a result, only be rebutted by the production of clear and convincing evidence to the contrary. See, Guinn v. Kemna, 489 F.3d 357, 359 (8th Cir. 2007); Lupien v. Clarke, supra at 618; Green v. Norris, 394 F.3d 1027, 1029 (8th Cir. 2005). Despite this presumption, Section 2254(d)(2) authorizes the issuance of a Writ if the State Court Judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Kinder v. Bowersox, 272 F.3d 532, 538 (8th Cir. 2001); McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996)("[W]e presume state court findings of fact to be correct in habeas proceedings unless the petitioner establishes, the respondent admits, or the record shows otherwise."), cert. denied, 521 U.S. 1127 (1997). Thus, "[f]actual findings by the state court 'shall be presumed to be correct,' a presumption that will be rebutted only 'by clear and convincing evidence.'" Kinder v. Bowersox, supra at 538, citing Title 28 U.S.C. §2254(e)(1).

B.    Legal Analysis. As we have noted, Franklin seeks Habeas relief on the grounds that: 1) his Petit Jury was selected in a way which was not racially neutral, in violation of his right to equal protection under the law ("Ground One"); 2) the Jury

did not determine all of the elements of a separate and substantive offense, in violation of <u>In re Winship</u>, supra ("Ground Two"); 3) the Complaint failed to charge an essential element of the offense, in violation of his rights under the Fifth and Sixth Amendments ("Ground Three"); and 4) the Hennepin County District Court failed to provide an accomplice-testimony Jury instruction, in violation of his rights under the Sixth and Fourteenth Amendments ("Ground Four"). The Respondent opposes the Petition, and we address each of the parties' arguments.

      1.   <u>Exhaustion and Procedural Default</u>.

      a.   <u>Standard of Review</u>. It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies. See, <u>Title 28 U.S.C. §2254(b)</u>; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); see also, <u>Armstrong v. State of Iowa</u>, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"), quoting <u>Title 18 U.S.C. §2254(b)(1)(A)</u>. The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal

- 12 -

constitutional errors raised by State prisoners.  See, O'Sullivan v. Boerckel, supra at

844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19;

Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 55 (8th Cir. 2003), cert.

denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves AEDPA's goal of

promoting 'comity, finality, and federalism,' by giving state courts 'the first

opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the

first instance.'"), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

    In order to exhaust his State Court remedies, a prisoner must fairly present his

constitutional claims to the highest available State Court before seeking relief in

Federal Court.  See, O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at

365-66; see also, Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001); McCall v.

Benson, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a

habeas petition, we must first determine whether the petitioner has fairly presented his

federal constitutional claims to the state court.").  The exhaustion of State remedies

requires more than the fact that the Federal Habeas applicant has been through the

State Courts.  See, Picard v. Connor, 404 U.S. 270, 275 (1971).

    To serve the purposes of exhaustion, the State Courts must have the first

opportunity to hear the claim, which is sought to be vindicated in a Federal Habeas

- 13 -

proceeding.  Id. at 275-76.  The State Courts have an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue.  See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005), quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 ( 1999); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996).  Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts.  Id.  "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Id.; see also, Abdullah v. Groose, supra at 412, citing Duncan v. Henry, supra at 366.

Under Minnesota law, "[o]nce a defendant has had a direct appeal, 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." Zenanko v. State, 587 N.W.2d 642, 644-45 (Minn. 1998), quoting State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). If the Petitioner has failed to exhaust his State Court remedies, and if the Court to which he should have presented his claim would now find it procedurally barred, the claim is procedurally defaulted.  See, Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir.

1995), cert. denied, 516 U.S. 1056 (1996), citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). In addition, if a Petitioner has attempted to raise a claim in State Court, but the State Court determines that the Petitioner has defaulted the claim under a State procedural rule, Federal Courts will not, as a general proposition, consider the claim on Habeas review. See, <u>Coleman v. Thompson</u>, supra at 750; <u>Sloan v. Delo</u>, supra at 1378.

Accordingly, "[a] default under a state procedural rule bars consideration of a federal claim presented to the state courts if the last state court to review the claim specifically rested its decision on an adequate and independent state ground * * *." <u>Sloan v. Delo</u>, supra at 1378, citing <u>Harris v. Reed</u>, 489 U.S. 255, 260-63 (1989). A claim that is procedurally defaulted under State law, however, is barred from Federal review only if the State procedural rule is firmly established and regularly followed. See, <u>Oxford v. Delo</u>, 59 F.3d 741, 744 (8th Cir. 1995), cert. denied, 517 U.S. 1124 (1996), citing <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991); see also, <u>Harris v. Reed</u>, supra at 262 ("[A]n adequate and independent finding of procedural default [as a matter of State law] will bar federal habeas review of the federal claim.").

Although the State Court procedural bar is "nearly absolute," a Petitioner can avoid the bar if he "demonstrate[s] cause for the default and actual prejudice as a

result of the alleged violation of federal law," or shows his actual innocence.  <u>Reagan v. Norris</u>, 279 F.3d 651, 656 (8th Cir. 2002), quoting <u>Coleman v. Thompson</u>, supra at 750.  If a Petitioner cannot provide cause and prejudice for his default, in the absence of a claim of actual innocence, a Federal District Court can "properly dismiss[] [the petitioner's] federal claims **with** prejudice."  <u>Armstrong v. State of Iowa</u>, supra at 927 [emphasis in original].

   b. <u>Legal Analysis</u>.  Under Minnesota law, "where a defendant fails to object to a particular error at trial, the defendant is deemed to have forfeited his right to have the alleged error reviewed on appeal[.]"  <u>State v. Litzau</u>, 650 N.W.2d 177, 182 (Minn. 2002), citing <u>State v. Williams</u>, 525 N.W.2d 538, 544 (Minn. 1994).  Accordingly, in this case, the Minnesota Court of Appeals declined to consider Grounds One and Three of Franklin's present Petition -- that his Petit Jury was selected in a way which was not racially neutral, in violation of his right to equal protection under the law, and that the Complaint failed to charge an essential element of the offense, in violation of his rights under the Fifth and Sixth Amendments -- because the Court concluded that those claims were procedurally barred by Franklin's failure to raise them at Trial.  Franklin does not rebut this finding, and therefore, we

are not able to review the State Court's ruling on this procedural bar, by way of a Habeas proceeding.

"A federal court may not re-examine a state court's interpretation and application of state law." <u>Schleeper v. Groose</u>, 36 F.3d 735, 737 (8th Cir. 1994); see also, <u>Murray v. Hvass</u>, 269 F.3d 896, 899 (8th Cir. 2001)("[I]t is not the province of a federal court to decide whether a matter ought to be considered procedurally defaulted under state law."), cert. denied, 535 U.S. 935 (2002).  The same rule was followed in <u>Owsley v. Bowersox</u>, 234 F.3d 1055, 1058 (8th Cir. 2000), cert. denied, 534 U.S. 903 (2001).  There, a State Appellate Court had ruled that a claim was not properly raised, and preserved, for appellate review.  Our Court of Appeals rejected the suggestion that the State Court had erroneously applied the State's own procedural rules, explaining as follows:

> We are obliged to respect the conclusion of the Missouri Supreme Court here.  A federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis.

<u>Id.</u>

In <u>Clemons v. Luebbers</u>, 381 F.3d 744, 751 (8th Cir. 2004), our Court of Appeals again rejected a Habeas challenge to the validity of a State procedural bar, pointing out that

- 17 -

"federal courts do not look at whether state courts have correctly applied their own procedural rules[;] [t]hey simply determine whether those procedural rules were applied to bar the claim."  See also, <u>May v. Iowa</u>, 251 F.3d 713, 716 (8th Cir. 2001) ("[W]e may not disturb a state court decision interpreting state law on habeas review * * * [citation omitted] and thus we reject [the petitioner's] contention that he did not default his three ineffective assistance of counsel claims").  Therefore, it is clear that this Court cannot review, and overturn, the Minnesota Court of Appeals' determination that Grounds One and Three of Franklin's Petition, which were raised in his <u>pro se</u> brief in his direct appeal, were barred by the requirement that he first present those objections during the course of his criminal Trial.

Next, we consider whether Franklin has shown cause and prejudice, or actual innocence, to excuse his procedural default.  A claim that has been procedurally defaulted in the State Courts will not be entertained in a Federal Habeas proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, there would be a "fundamental miscarriage of justice" if the Federal Court declined to consider the claim.  See, <u>Coleman v. Thompson</u>, supra at 750.  "It is well-established that federal courts will not address procedurally defaulted claims on the merits unless a petitioner can show either cause and prejudice to excuse

the default or actual innocence." <u>Schliemann v. Fabian</u>, 2007 WL 495007 at *3 (D. Minn., February 13, 2007), citing <u>Clemons v. Luebbers</u>, supra at 750; <u>Reagan v. Norris</u>, supra at 656; <u>Carney v. Fabian</u>, 441 F. Supp. 2d 1014, 1023 (D. Minn. 2006), citing <u>Coleman v. Thompson</u>, supra at 750.

We first observe that Franklin has not argued his actual innocence of the crime for which he was convicted, and therefore, we need not address whether the actual innocence doctrine would excuse a procedural default.  We further conclude that Franklin is unable to satisfy the cause and prejudice standard with respect to his procedurally defaulted claims.  In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the State's highest Court in a timely and procedurally proper manner.  See, <u>Coleman v. Thompson</u>, supra at 753 ("[C]ause under the cause and prejudice test must be something **external** to the petitioner, something that cannot fairly be attributed to him * * *  [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available * * *  or that some interference by officials made compliance impracticable[.]'")[emphasis in original], quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  Franklin has advanced no such impediment for our consideration.

As a consequence, we conclude that Franklin has not satisfied the "cause" prong of the "cause and prejudice" standard so as to excuse his procedural default,[5] and we are obligated to recommend that Grounds One and Three of the Petition be dismissed, with prejudice.

       2.     The Petitioner's Claim under In re Winship.

       a.     Standard of Review.  An essential element of Due Process, which is guaranteed by the Fourteenth Amendment, is that no person be convicted of a crime unless the trier of fact is convinced of the existence of every element of the offense beyond a reasonable doubt.  See, In re Winship, supra at 361; Jackson v. Virginia, 443 U.S. 307, 316 (1979); United States v. Gaudin, 515 U.S. 506, 510 (1995).  In 2000, the United States Supreme Court reviewed the historical importance of a Trial by Jury, and the requirement of proof beyond a reasonable doubt, and concluded as follows:

---

[5]Since Franklin has plainly failed to satisfy the cause requirement as to his Due Process claim, it is unnecessary to consider the prejudice component.  See, Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998)(when a Habeas petitioner "has not shown adequate cause to overcome the procedural bar * * * we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).  Nevertheless, we find no reason to believe that Franklin could satisfy the prejudice requirement, as to his procedurally defaulted claims.

- 20 -

> The historic link between verdict and judgment and the
> consistent limitation on judges' discretion to operate within
> the limits of the legal penalties provided highlight the
> novelty of a legislative scheme that removes the jury from
> the determination of a fact that, if found, exposes the
> criminal defendant to a penalty exceeding the maximum he
> would receive if punished according to the facts reflected
> in the jury verdict alone.

Apprendi v. New Jersey, 530 U.S. 466, 482-83 (2000).

Accordingly, the Court, in Apprendi, held that, "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." Apprendi v. New Jersey supra at 490.

Following the Supreme Court's decision in Apprendi, several Courts of

Appeals, including our own, interpreted the holding of Apprendi in such a manner that

a Jury determination was not required in order to apply "sentencing factors that

increase a defendant's guidelines range but do not increase the statutory maximum."

See, United States v. Evans, 285 F.3d 664, 672 (8th Cir. 2002), cert. denied, 537 U.S.

1196 (2003); see also, United States v. Francis, 367 F.3d 805, 820 (8th Cir. 2004), cert.

granted, and judgment vacated, 543 U.S. 1098 (2005); United States v. Jardine, 364

F.3d 1200, 1209 (10th Cir. 2004), cert. granted, and judgment vacated, 543 U.S. 1102

(2005); United States v. Alvarez, 358 F.3d 1194, 1212 (9th Cir. 2004); United States

v. Helton, 349 F.3d 295, 299 (6th Cir. 2003); United States v. Johnson, 335 F.3d 589, 591 (7th Cir. 2003); United States v. Randle, 304 F.3d 373, 378 (5th Cir. 2002); United States v. Garcia, 240 F.3d 180, 183 (2nd Cir. 2001); United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001); United States v. Gerrow, 232 F.3d 831, 834 (11th Cir. 2000), cert. denied, 534 U.S. 830 (2001).

Despite the agreement among the Courts of Appeals, as to the scope of Apprendi, the Supreme Court has since held to the contrary, and thereby extended the Rule in Apprendi, such that "the 'statutory maximum' for Apprendi purposes is the maximum sentence that a judge may impose **solely on the basis of the facts reflected in the jury verdict or admitted by the defendant**."  Blakely v. Washington, 542 U.S. 296, 303 (2004)[emphasis in original], citing Ring v. Arizona, 536 U.S. 584, 602 (2002).  Thus, under Blakely, where the presence of certain factors allows for a sentence to be increased under a State's sentencing scheme, the presence of such factors must be found by a Jury, beyond a reasonable doubt.

Soon thereafter, the Supreme Court, in the aftermath of Blakely, decided United States v. Booker, 543 U.S. 220 (2005), and its companion case, United States v. Fanfan, 543 U.S. 220, ---, 125 S.Ct. 738  (2005), in which the Court reaffirmed the rule announced in Apprendi, that "[a]ny fact (other than a prior conviction) which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.   The Supreme Court also applied the analysis, which was promulgated in Blakely, to the Federal Sentencing Guidelines, and found that the provisions that make the guidelines mandatory were unconstitutional, and required any subsequent sentencing determinations to follow a "reasonableness" standard. Id. at 765-66, 769; see also, United States v. Williams, 408 F.3d 1077-78 (8ᵗʰ Cir. 2005)(summarizing the effects of Booker upon the Sentencing Guidelines).

        b.    Legal Analysis.   Here, construing Franklin's Petition generously, we understand that he challenges his sentence under Blakely, and Booker, because, he contends, that his sentence was increased by Minnesota Statutes Section 609.11, Subdivision 5(a), which imposes mandatory minimum sentences when a first-degree assault is committed with the use of a firearm.[6]   As noted, Franklin has not

---

[6]Minnesota Statutes Section 609.11, Subdivisions 5(a) and 9, impose a mandatory minimum sentence of three (3) years for first-degree assault, when committed with the use of a firearm.  For any second or subsequent offense which makes use of a firearm, the mandatory minimum sentence is increased to five (5) years.

submitted any memoranda in support of his Habeas Petition.  Ground Two of his

Petition, in its entirety, reads as follows:

> Ground Two:  In re Winship demands that a jury determine
> beyond a reasonable doubt all the elements of the separate
> and substantive offense.
>
> Supporting facts:  Because Minn. Stat. §609.11 subd. 5
> operates as an element of the substantive offense charged
> in the complaint the procedures mandated requires [sic] that
> the elements of the seperate [sic] and substantive offense be
> placed before a jury and proven beyond a reasonable doubt.

Petition, supra.

Again, construing his Petition generously, we understand Franklin to complain that

his sentence is unconstitutional, under <u>Blakely</u> and <u>Booker</u>, because the Jury was not

charged with finding that he used a firearm, in order to apply the sentencing

requirements of Minnesota Statutes 609.11, Subdivision 5(a).[7]

---

[7]In a recent case, the Minnesota Supreme Court considered the constitutionality of Minnesota Statutes Section 609.11, Subdivision 5(a), in light of the United States Supreme Court's holding in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  See, <u>State v. Barker</u>, 705 N.W.2d 768 (Minn. 2005).  The Minnesota Supreme Court concluded that the statute "is unconstitutional to the extent that it authorizes the district court to make an upward durational departure upon finding a sentencing factor without the aid of a jury or admission by the defendant."  <u>Id.</u> at 773.  However, the Court's holding in <u>Barker</u> has no application here, given our conclusion that Franklin's sentence was not based upon his use of a firearm, as contemplated by Minnesota Statutes Section 609.11, Subdivision 5(a), but instead, was based solely on his first-degree assault upon a police officer, as prohibited by Minnesota Statutes Section 609.221, Subdivision 2(b).

- 24 -

As is pertinent to his argument, Franklin's sentence resulted from his conviction for first-degree assault, through the use or attempted use of deadly force against a police officer, which bears a **minimum** sentence, under Minnesota law, of ten (10) years, or 120 months, and a **maximum** sentence of twenty (20) years, or 240 months. See Minnesota Statutes Section 609.221, Subdivision 2(b). At his Sentencing Hearing, Franklin was sentenced to a term of 122 months of imprisonment, or two (2) months longer than the statutory minimum. See, Appendix D7, Docket No. 13, at 456-57. This was the presumptive sentence, based upon the 10-year minimum sentence, plus Franklin's criminal history, according to the Presentence Investigation Report. See, Appendix A4, Docket No. 13, at 4-5.[8]

Accordingly, there is no basis for Franklin's argument, that his sentence was improperly increased by the application of Minnesota Statutes Section 609.11, Subdivision 5(a), because the Record demonstrates that his sentence was independently based on the requirements of Minnesota Statutes Section 609.221, and his criminal history. Therefore, there was no reason to submit to the Jury the

---

[8]We acknowledge that the Presentence Investigation Report includes a citation to Minnesota Statutes Section 609.11. See, Appendix A4, Docket No. 13, at 4-5. Nonetheless, nothing in the Report demonstrates that the statute was applied in order to increase Franklin's sentence.

particular issue of whether he committed first-degree assault through the use of a

firearm.  Moreover, as noted by the Respondent, the Hennepin County District Court

instructed the Jury as to all elements of the crime for which Franklin was convicted --

the first-degree assault of a police officer, through the use or attempted use of deadly

force -- and further instructed the Jury that the State was required to prove each

element beyond a reasonable doubt.  See, <u>Trial Transcript</u>, <u>Appendix D4</u>, at 425-35.

We find nothing in the Record to suggest that Franklin's right to a Trial by Jury was

violated, in any respect.

    In sum, on this Record, we find nothing to support Franklin's claim, that the

mandates of <u>In re Winship</u>, <u>Blakely</u>, or <u>Booker</u> were violated, and therefore, we

recommend that Ground Two of his Petition be denied.

3.     <u>The Petitioner's Claim as to Accomplice Testimony</u>.

    Lastly, we briefly address Ground Four of Franklin's Petition,

which reads, in its entirety, as follows:

> Ground Four: The Court in failing to provide an accomplice
> testimony instruction violated Petitioners [sic] 6th and 14th
> Amendment rights to due process.
>
> Supporting Facts: A Jury instruction on accomplice
> testimony must be given when any witness against the

- 26 -

> Petitioner might reasonablre [sic] considered an
> accomplice.

Petition, supra.

As noted by the Minnesota Court of Appeals, Minnesota law requires that accomplice testimony be corroborated, when used to support a criminal conviction. See, State v. Franklin, supra at *1, citing Minnesota Statutes Section 634.04. Accordingly, during Franklin's direct appeal, the Minnesota Court of Appeals concluded that the Hennepin County District Court erred when it failed to instruct the Jury on accomplice testimony, but it further concluded that the error was harmless, because there was other evidence to support Franklin's conviction. Id. at *1-2.

In his Petition, Franklin now claims that the failure to give an accomplice-testimony Jury Instruction was a violation of his right to due process of law. We reject his argument as without merit. Our Court of Appeals has explicitly held that "state laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review." Harrington v. Nix, 983 F.2d 872, 874 (8th Cir. 1993), citing Redding v. Minnesota, 881 F.2d 575, 578 (8th Cir. 1989), cert. denied, 493 U.S. 1089 (1990), and Gipson v. Lockhart, 692 F.2d 66, 68 (8th Cir. 1982). This is true because "[t]here is * * * no constitutional requirement that accomplice testimony be corroborated." Id., citing DuBois v. Lockhart, 859 F.2d 1314, 1317 (8th Cir. 1988).

Accordingly, Franklin cannot assert any constitutional claim, based upon the failure to provide such a Jury Instruction, and therefore, we recommend that Ground Four of his Petition be denied.

In sum, having found no merit to any of Franklin's claims for relief, we recommend that the Petition be denied, in its entirety.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied.


Dated: March  31, 2008                    s/Raymond L. Erickson
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE


NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 17, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 17, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.